UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51091
Summary Calendar
_____

LAWRENCE T. DALY, Individually and as
Next Friend of Lawrence T. Daly, Jr.;
LISA DALY, Individually and as Next Friend
of Lawrence T. Daly, Jr.,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA, ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-184)
_____

November 12, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this medical malpractice action under the Federal Tort Claims Act, Appellants contest the summary judgment granted the United States and the denial of their motion for reconsideration. The parties consented to proceed before a magistrate judge.

_____

[*]   Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants state that Lawrence T. Daly died in December 1997, but they have not moved to substitute his representative. Because we conclude that summary judgment was appropriate, there is no need to delay a decision for the formality of substitution of the deceased's representative. *See* FED. R. APP. P. 43(a).

Appellants contend that the United States was negligent in failing to diagnose Lawrence T. Daly's cancer before it metastasized and became inoperable. Based upon our required *de novo* review of the record, we **AFFIRM** essentially for the reasons stated by the magistrate judge. *See **Daly v. United States***, No. SA-97-CV-184 (W.D. Tex. Nov. 5, 1997 & Dec. 9, 1997). In sum, Appellants offered no expert evidence raising a genuine issue of material fact with respect to causation of Mr. Daly's injuries. *See **Rodriguez v. Pacificare of Texas, Inc.***, 980 F.2d 1014, 1020 (5th Cir.), *cert. denied*, 508 U.S. 956 (1993); ***Tilotta v. Goodall***, 752 S.W.2d 160, 161 (Tex. App. 1988, writ denied).

It is quite arguable that Appellants have failed to properly brief the issue concerning the motion to reconsider. *See* FED. R. APP. P. 28(a)(6). In any event, although the magistrate judge applied an overly stringent standard in considering Appellants' motion for reconsideration (filed within 10 days of entry of judgment; therefore, FED. R. CIV. P. 59(e) applied), *see **Lavespere v. Niagara Mach. & Tool Works, Inc.***, 910 F.2d 167, 174 (5th Cir. 1990) (applying abuse of discretion standard of review to motion for reconsideration under Rule 59(e)), the ruling—even if the

motion had been granted, the potential additional evidence would not have affected the judgment—was not an abuse of discretion.

**AFFIRMED**